Dennis O'CONNOR and Marilyn O'Connor, Plaintiffs,

v.

UNITED STATES, Internal Revenue Service, United States Tax Court Trial Judge Norman H. Wolfe, Internal Revenue Service Appeals Officer Lawrence Johnson, United States Deputy Marshal Bob Dean, and United States Justice Department, Defendants.

No. CV–N–87–92–ECR.

United States District Court, D. Nevada.

July 21, 1987.

Dennis and Marilyn O'Connor, in pro per.

William A. Maddox, U.S. Atty. by Shirley Smith, Asst. U.S. Atty., Reno, Nev., and William A. Maddox, U.S. Atty. by Frederic J. Baker, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

EDWARD C. REED, Jr., Chief Judge.

## I. INTRODUCTION

This action is brought *pro se* by Dennis and Marilyn O'Connor against the United States, the Internal Revenue Service ("IRS"), the Justice Department, United States Tax Court Judge Norman H. Wolfe, IRS Appeals Officer Lawrence Johnson, and United States Deputy Marshal Bob Dean. The plaintiffs base their claims upon 42 U.S.C. § 1983, 5 U.S.C. § 552 (the Freedom of Information Act), and 5 U.S.C. § 552a (the Privacy Act). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as well as 5 U.S.C. §§ 552 and 552a.

The plaintiffs' complaint alleges seven causes of action.

In the first cause of action, plaintiffs allege that the United States and the IRS have seized $1,040.81 in wages from Dennis O'Connor under the guise of civil penalties for the filing of false W-4 forms. The plaintiff argues that the seizures violated his constitutional right to due process of law. Plaintiff seeks the return of the seized wages plus interest.

Second, the plaintiffs allege that the IRS has failed to disclose certain information to them and has failed to allow them to review IRS files in order to formally request the expungement of misinformation all in violation of the Freedom of Information Act and the Privacy Act. The plaintiffs seek injunctive relief as well as damages on these bases.

Third, the plaintiffs allege that the United States and the IRS have "withheld by distraint the wages of plaintiff Dennis O'Connor under the guise that he is a 'taxpayer' who is liable to pay the federal income tax." Plaintiff argues that $15,-135.49 has been so withheld for the tax years 1981–1986. Plaintiff argues that this "constitutes an unlawful pre-judgment attachment which is violative of the plaintiff's Fifth and Fourteenth Amendment due process rights of equal protection of the state laws pursuant to Fed.R.Civ.P. 64." Plaintiff seeks return of the withheld wages plus interest.

Fourth, plaintiff Dennis O'Connor alleges that defendant United States Tax Court Judge Norman H. Wolfe "knowingly and unlawfully entered an arbitrary and capricious judgment against [him] in clear absence of all jurisdiction." Dennis O'Connor alleges further that defendant Wolfe "failed and refused to take judicial notice of the provisions of the 1939 Internal Revenue Code and based his negligent and unintelligible decision on the 1954 Internal Revenue Code without making a specific finding of fact that the plaintiff was a 'taxpayer.'" The plaintiff argues that defendant Wolfe violated his due process rights under the Fifth Amendment. This cause of action is based on 42 U.S.C. § 1983, and the plaintiff apparently seeks a declaratory judgment and damages. The plaintiff also seeks punitive damages against defendant Wolfe.

Fifth, plaintiff Dennis O'Connor alleges that defendant IRS Appeals Officer Lawrence Johnson "did knowingly, unlawfully, and maliciously violate [his] Fifth Amendment due process rights when he refused to take notice of the provisions of the 1939 Internal Revenue Code and proceeded to coerce [him] into filing and paying taxes that he was not liable for." This cause of action is based on 42 U.S.C. § 1983; plaintiff seeks general and punitive damages.

Sixth, plaintiff Marilyn O'Connor alleges that "defendant United States Deputy Marshal Bob Dean infringed upon plaintiff Marilyn O'Connor's political rights of freedom of association and freedom to express dissent when he wrote down the license plate number of her automobile for investigative purposes simply because she had

attended a pre-trial hearing for a person who was under a criminal indictment for willful failure to file federal income tax forms." Plaintiff alleges further that "said defendant was acting in bad faith, under color of law, in order to harass and intimidate the plaintiff who was known to him from previous show trials put on by the United States." Plaintiff argues that such conduct violated her rights under the First Amendment. This cause of action is grounded on 42 U.S.C. § 1983; plaintiff seeks general and punitive damages.

Seventh, plaintiff Marilyn O'Connor alleges that the defendant United States Justice Department has failed to disclose information that she requested under the provisions of the Freedom of Information Act and the Privacy Act. The plaintiff seeks injunctive relief as well as damages on this basis.

On April 15, 1987, defendants Wolfe, Johnson, and United States filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (docket # 3). The motion is also clearly made on behalf of defendant IRS and will be so treated by the Court. On April 30, 1987, plaintiffs filed an Opposition to Motion to Dismiss (docket # 6). On June 9, 1987, defendant Johnson filed a Supplemental Memorandum in Support of the Motion (docket # 15).

The defendant parties to the motion, and also the plaintiffs, have treated the motion as one for summary judgment by presenting matters outside the complaint. Therefore, the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment shall be treated as a motion for summary judgment and disposed of as provided in Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b).

Summary judgment is proper if there is no genuine issue of material fact and the moving parties are entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The facts must be viewed and inferences drawn in the manner most favorable to the non-moving parties. *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir.1983). The moving parties have the burden of demonstrating that they are entitled to summary judgment. *Id.*

## II. THE UNITED STATES AND THE IRS

### A. Sovereign Immunity

■ The first argument made by the defendant United States in its motion is that sovereign immunity bars the causes of action asserted by the plaintiffs. The Court finds that this is not so.

The United States, as sovereign, is immune from suit unless it waives its immunity and consents to be sued. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983); *Colony First Federal Sav. and Loan Ass'n. v. Federal Sav. and Loan Ins. Corp.*, 643 F.Supp. 410, 414 (C.D.Cal.1986). This Court lacks jurisdiction to entertain a suit against the United States unless the action is brought under an act of Congress specifically authorizing the action. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Statutes authorizing suit against the United States are strictly construed. *Hurley v. United States*, 624 F.2d 93, 95 (10th Cir.1980).

The plaintiffs bring two kinds of causes of action against the United States: actions to gain access to certain information under the Freedom of Information and Privacy Acts and actions to recover money withheld from wages as taxes and tax related penalties. The United States has clearly waived its sovereign immunity as to actions brought to enforce the Freedom of Information and Privacy Acts. *See* 5 U.S.C. § 552(a)(4)(B), (E), and (F) (Freedom of Information Act); 5 U.S.C. § 552a(g) (Privacy Act). Also, the United States has waived its sovereign immunity as to actions brought for the recovery of a tax or tax related penalty erroneously or illegally assessed or collected. *See* 28 U.S.C. § 1346(a)(1).

### B. Injunctions

■ 26 U.S.C. § 7421(a) prohibits the bringing of a "suit for the purpose of restraining the assessment or collection of any tax...." § 7421(a) is strictly en-

forced. *See Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Maxfield v. United States Postal Service*, 752 F.2d 433, 434 (9th Cir.1984). The purpose of the statute is to allow the United States to assess and collect taxes without judicial intervention. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). The only exception to the anti-injunction provision requires the taxpayer to demonstrate that (1) under no circumstances can the government ultimately prevail; and (2) the taxpayer will be irreparably harmed if the injunction is not granted. *Id.; Maxfield*, 752 F.2d at 434.

The defendant parties to the present motion have shown that the plaintiffs cannot demonstrate that the government has no chance of prevailing on the issues of tax liability raised in this case. Indeed, as is discussed below, the Court finds that the government has succeeded in showing that as a matter of law it must prevail on the tax liability issues in this case. Moreover, the Court sees no indication that the plaintiffs will be irreparably harmed if the government is not enjoined from assessing or collecting taxes.

Thus, to the extent the plaintiffs seek an injunction against the United States or the IRS to stop the assessment or collection of taxes, their action must be dismissed.

## C. Declaratory Judgments

The plaintiffs seek "a finding of fact that the plaintiffs were not 'taxpayers' who were required to file returns or pay the federal income tax pursuant to the positive law of the 1939 Internal Revenue Code...." The relief sought by plaintiffs would be in the nature of a declaratory judgment.

28 U.S.C. § 2201(a), a provision of the Declaratory Judgment Act, states in pertinent part:

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of

the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

The exception in § 2201(a) concerning federal tax issues denies the federal courts power to grant declaratory judgments on issues involving federal tax liability. *Handeland v. Commissioner of Internal Revenue*, 519 F.2d 327, 329 (9th Cir.1975). A few decisions can be found in which federal courts have refused on this basis to make declarations regarding taxpayer status. *See Carmichael v. United States*, 245 F.2d 676 (5th Cir.1957); *St. Louis Park Medical Center v. Lethert*, 286 F.Supp. 271 (D.Minn.1968).

The plaintiffs' request for a declaration concerning their taxpayer status is beyond the powers of this Court. Thus, to the extent the plaintiffs' actions seek such a declaration, their actions must be dismissed.

## D. 1981–1983

To a large extent, Dennis O'Connor's actions against the United States and the IRS are attempts to litigate his federal tax liability for certain years, including 1981–1983. Plaintiff Dennis O'Connor has already litigated his tax liability for the years 1981–1983 before the United States Tax Court in the case of *Dennis O'Connor v. Commissioner of Internal Revenue*, No. 30046–85. The Order of Dismissal and Decision and the Memorandum Sur Order from that Tax Court case are exhibits to the Motion to Dismiss.

A decision by a court of competent jurisdiction determining a person's tax liability for a given year bars the taxpayer from challenging the tax liability in a subsequent proceeding. *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). The bar is a result of the doctrine of *res judicata. Id.*

Thus, the plaintiffs' claims involving the tax liability of Dennis O'Connor for the years 1981–1983 must be dismissed.

### E. 1985–1986

■ The plaintiffs also seek to litigate the tax liability of Dennis O'Connor for the years 1985 and 1986.

26 U.S.C. § 7422(a) states:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

The IRS and the United States have shown conclusively that the plaintiffs did not file a claim pursuant to § 7422(a) covering the tax years 1985 and 1986.

Accordingly, this Court is without jurisdiction to entertain refund claims against the United States and the IRS for those years. Such claims must be dismissed.

### F. 1984

■ Plaintiffs have filed a claim for refund of $2,952.38 which they allege was withheld during the 1984 tax year. The plaintiffs ground that claim on the argument that Dennis O'Connor is not an employee within the meaning of 26 U.S.C. § 3401(c). The plaintiffs' argument is without merit.

26 U.S.C. § 3401(c) does not limit the definition of "employee" in the corporate setting to officers of the corporation. § 3401(c) merely provides that the term "employee" includes corporate officers. Treas.Reg. § 31.3401–1(c) is consistent with the Court's construction of 26 U.S.C. § 3401(c).

There is no question of fact regarding the plaintiffs' claims concerning Dennis O'Connor's 1984 tax liability. The plaintiffs' arguments supporting such claims are, as a matter of law, without merit. Claims against the United States and the IRS involving the issue of Dennis O'Connor's 1984 tax liability must, therefore, be dismissed.

### G. W–4 Penalties

■ As discussed in the previous section, the plaintiffs' argument that he was not an employee under 26 U.S.C. § 3401(c) is without merit. The Court also finds that the argument does not provide reasonable basis for the W–4 forms submitted to the IRS by Dennis O'Connor. There are no genuine issues of material fact on this matter. As a matter of law, the United States and the IRS have shown that the penalties complained of by plaintiffs were properly assessed and collected under 26 U.S.C. § 6682. The plaintiffs' claims for return of W–4 penalties must be dismissed.

### H. Due Process

The plaintiffs' complaint is based partly on an assertion that the withholding of Dennis O'Connor's wages by the IRS "constitutes an unlawful pre-judgment attachment which is violative of the plaintiff's Fifth and Fourteenth Amendment due process rights...." The plaintiffs' complaint does not state a cause of action based on the due process clause.

■ No hearing is required prior to the assessment or collection of taxes so long as the aggrieved party has adequate opportunity for later judicial determination of liability. *Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 595, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931); *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1434 (9th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986); *Tavares v. United States*, 491 F.2d 725 (9th Cir.1974), *cert. denied*, 420 U.S. 925, 95 S.Ct. 1120, 43 L.Ed.2d 394 (1975).

For the tax years 1981–1983 the plaintiffs were provided a hearing in the United States Tax Court on their tax liability. For the tax years not litigated in the Tax Court a later judicial determination of tax liability

was available in this Court. *See* 28 U.S.C. § 1346(a)(1).

The plaintiffs have not been denied due process of law.

### I. Freedom of Information and Privacy Act Claims

██ The plaintiffs' second cause of action is one based upon the Freedom of Information and Privacy Acts. Plaintiffs allege that they made requests for information under those acts which were denied illegally.

26 U.S.C. § 7852(e) provides:

The provisions of subsections (d)(2), (3), and (4), and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

Subsection (g) of 5 U.S.C. § 552a, which 26 U.S.C. § 7852 provides does not apply to certain kinds of information involving taxes, sets forth the civil remedies for enforcement of the Privacy Act, the primary remedy being a civil action in a federal district court.

The information sought by the plaintiffs from the IRS under the Privacy Act consists of documents identifying them as illegal tax protesters and "copies of the 1040 forms that the Secretary had allegedly filed in his name as justification for issuing notices of deficiency for tax years ending 1981, 1982, and 1983 under color of law." Such information clearly relates to the determination by the IRS of the existence or possible existence of liability (or the amount thereof) of the plaintiffs for tax, penalties, fines, forfeitures or other offenses or enforcement under Title 26.

Therefore, 26 U.S.C. § 7852(e) applies and prevents this Court's assertion of jurisdiction over plaintiffs' Privacy Act Claims against the IRS. *See England v. Commissioner of Internal Revenue*, 798 F.2d 350 (9th Cir.1986). The plaintiffs' Privacy Act claims against the IRS must be dismissed.

No such statute prevents enforcement of the Freedom of Information Act against the IRS.

██ The IRS argues that the plaintiffs have failed to plead, with sufficient detail, the Freedom of Information Act claim against the IRS. The Court finds that this is not so. At pages four and five the plaintiffs' complaint includes sufficient detail concerning the plaintiffs' attempt to gain certain information from the IRS. *See* Fed.R.Civ.P. 8(a).

### III. JUDGE WOLFE

#### A. Color of State Law

██ The plaintiffs' fourth cause of action is against United States Tax Court Judge Norman H. Wolfe. The claim alleges that defendant Wolfe violated Dennis O'Connor's due process rights by failing to take notice of certain statutory provisions in reaching a decision that Dennis O'Connor was a taxpayer with tax liability for the year 1981–1983. The complaint states that Count IV is based on 42 U.S.C. § 1983.

Defendant Wolfe argues in his Motion to Dismiss that he was acting under color of federal rather than state law, and that, therefore, the plaintiffs have failed to state a § 1983 action against him.

The Court treats the plaintiffs' action against defendant Wolfe as one brought under the familiar doctrine of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (The Supreme Court, in *Bivens*, implied a damage remedy against federal officers for the violation of plaintiff's federal constitutional rights.). The failure of plaintiffs, then, to assert that defendant Wolfe acted under color of state law is not fatal to their fourth cause of action.

#### B. Absolute Immunity

██ As stated above, the crux of the plaintiffs' action against defendant Wolfe is their assertion that he failed to take notice of a certain statutory provision

in deciding that Dennis O'Connor was liable for taxes during the years 1981–1983.

Judges are absolutely immune from monetary relief for their judicial acts so long as they do not act in the clear absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). This rule applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the Plaintiff." *Bradley v. Fisher,* 80 U.S. (13 Wall) 335, 347, 20 L.Ed. 646 (1871). *See also Stump,* 435 U.S. at 363–364, 98 S.Ct. at 1108–1109. The purpose of the rule of judicial immunity is to promote uninhibited judicial decision making. *Stump, supra.*

The plaintiffs' allegations indicate that Judge Wolfe was clearly acting in his judicial role in making the decisions of which the plaintiffs complain. Further, though the plaintiffs baldly assert that defendant Wolfe acted in clear absence of all jurisdiction, this Court finds otherwise. It was clearly within Judge Wolfe's jurisdiction to determine the taxpayer status of Dennis O'Connor. The plaintiffs have made no specific allegation or argument to the contrary.

Judge Wolfe is absolutely immune from the liability asserted by the plaintiffs. The plaintiffs' action against him (Count IV) must be dismissed.

### C. Service

██ Another problem exists with the plaintiffs' action against Judge Wolfe. It appears that the plaintiffs have failed to serve said defendant within the requirements of Fed.R.Civ.P. 4.

Plaintiffs apparently attempted to serve Judge Wolfe under Fed.R.Civ.P. 4(c)(2)(C)(ii), but failed in that they did not provide the notice and acknowledgment or the return envelope required by that provision. No further, proper service upon defendant Wolfe is reflected in the documents on file in this case. More than 120 days have passed since the filing of the complaint against Judge Wolfe on February 20, 1987. The action against Judge Wolfe must be dismissed upon this ground

as well as that detailed in section B, above. Fed.R.Civ.P. 4(j).

### IV. APPEALS OFFICER JOHNSON

██ The plaintiffs bring action against IRS Appeals Officer Lawrence Johnson for "knowingly, unlawfully, and maliciously violat[ing] plaintiff Dennis O'Connor's Fifth Amendment due process rights when he refused to take notice of the provisions of the 1939 Internal Revenue Code and proceeded to coerce O'Connor into filing and paying taxes that he was not liable for."

Johnson clearly is alleged to have acted under federal rather than state law, and the plaintiffs' action against him will therefore be treated as one brought under the doctrine of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Johnson's argument that plaintiffs have failed to allege actions under color of state law is not a basis for dismissal.

Also, Johnson was properly and timely served under the provisions of Fed.R.Civ.P. 4. This has been acknowledged by defendant Johnson. *See* Supplemental Memorandum in Support of the Motion to Dismiss (docket # 15) filed June 9, 1987, by defendant Johnson.

Defendant Johnson has asserted no basis for the dismissal of the plaintiffs' action against him.

### V. ORDERS

IT IS, THEREFORE, HEREBY ORDERED that Counts I, III, and IV of the plaintiffs' complaint are DISMISSED. This amounts to dismissal of all claims against the United States and the IRS for return of wages of Dennis O'Connor withheld in satisfaction of his tax or tax-related penalty liability and all claims against defendant Norman H. Wolfe.

IT IS FURTHER ORDERED that all claims against the IRS based upon the Privacy Act are DISMISSED.

IT IS FURTHER ORDERED that the stay upon discovery imposed pursuant to the Minute Order of July 9, 1987, is LIFT-

ED. Discovery in this case shall resume under the Scheduling Order issued June 15, 1987.