Dennis O'CONNOR and Marilyn O'Connor, Plaintiffs,

v.

UNITED STATES INTERNAL REVENUE SERVICE, United States Tax Court Trial Judge Norman H. Wolfe, Internal Revenue Service Appeals Officer Lawrence Johnson, United States Deputy Marshal Bob Dean, and United States Justice Department, Defendants.

No. CV–N–87–92–ECR.

United States District Court,
D. Nevada.

Aug. 10, 1988.

Dennis & Marilyn O'Connor, Fallon, Nev., in pro per.

William A. Maddox, U.S. Atty. by Shirley Smith, Asst. U.S. Atty., Reno, Nev., William A. Maddox, U.S. Atty. by Frederic J. Baker, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

### ORDER

REED, Chief Judge.

The plaintiffs' second cause of action is the only claim remaining in this case. *See* Order, July 21, 1987, 669 F.Supp. 317; Notice of Voluntary Dismissal, July 30, 1987; Order, January 5, 1988; and Minute Order, March 2, 1988. The plaintiffs' second cause of action alleges that the Internal Revenue Service ("IRS") has failed to allow the plaintiffs access to certain information in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. The Privacy Act claim was dismissed by the Court by Order of July 21, 1987. Thus, a FOIA claim remains.

The defendant IRS filed a Motion for Summary Judgment on February 16, 1988. On February 26, 1988, the plaintiffs submitted a document entitled "Motion to Enlarge Time for Completion of Discovery and to Answer Defendant's Motion for Summary Judgment." On March 2, 1988, the Court issued a Minute Order denying the plaintiffs' motion to extend discovery and granting the plaintiffs' motion for an extension of time to oppose the motion for summary judgment. The Court also ruled that the plaintiffs' Motion to Enlarge Time for Completion of Discovery and to Answer Defendant's Motion for Summary Judgment would be treated as an opposition to the IRS' Motion for Summary Judgment. Then, on March 21, 1988, the plaintiffs filed an Opposition to Motion for Summary Judgment and Cross Motion for Summary Judgment. On March 31, 1988, the defendant replied in support of its motion and in opposition to the plaintiffs' cross motion. On April 15, 1988, the plaintiffs filed reply points and authorities in support of their cross motion for summary judgment.

Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56. The party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact; once that is accomplished the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Credibility determinations, the weighing of the evi-

dence, and the drawing of legitimate inferences from the facts are functions of the finder of fact at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–52, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202 (1986). When a court rules on a motion for summary judgment, the evidence of the party opposing the motion is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.*

In the case at hand, the defendant has established that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. The plaintiffs have done nothing to show that a genuine issue of fact exists. It is clear from the briefing of the parties that summary judgment is proper. A hearing would serve no purpose.

In July 1986 plaintiff Marilyn O'Connor sent a FOIA request to an IRS disclosure officer in Las Vegas, Nevada. *See* Exhibit A to Flakus Declaration and Exhibit A to Crawford Declaration, both attached to the defendant's Motion for Summary Judgment. The declarations of Richard Flakus and Dennis Crawford of the IRS indicate that the FOIA request was satisfied. The IRS did, however, withhold approximately 398 documents in whole and 101 in part. The declarations of Flakus and Crawford break the withheld information into four categories.

■ The first set of information withheld included 278 Forms 4652. Those were reports of assaults, threatened assaults and harassment of IRS employees by taxpayers other than the plaintiffs. 26 U.S.C. § 7212 imposes criminal sanctions on anyone who attempts to interfere with the administration of the internal revenue laws. Under 26 U.S.C. § 6103(b), data received, recorded, prepared, or collected by the IRS with respect to the possible liability of any person under Title 26 for any offense is "return information." 26 U.S.C. § 6103 provides for the confidentiality of tax return information; unless release of tax return information is authorized under one of the carefully delineated exceptions contained in 26 U.S.C. § 6103, it may not be disclosed. Section (b)(3) of FOIA provides

that FOIA does not apply to matters specifically exempted from disclosure by statute. It is well established that 26 U.S.C. § 6103 qualifies as a non-disclosure statute under section (b)(3) of FOIA. *See Long v. IRS,* 742 F.2d 1173, 1177–78 (9th Cir.1984). In the case at hand, disclosure of this first set of information, third-party tax return information, is prevented by 5 U.S.C. § 552(b)(3) and 26 U.S.C. § 6103. The plaintiffs do not seriously argue that any exceptions in § 6103 apply.

■ The second category of information at issue includes the names of IRS employees and the names of taxpayers under investigation by the IRS. Such names have been redacted from internal memoranda of the IRS which have been disclosed to the plaintiffs. The redactions were proper under section (b)(7)(C) of FOIA, which provides that FOIA does not apply to "records or information compiled for law enforcement purposes ... to the extent that the production ... could reasonably be expected to constitute an unwarranted invasion of personal privacy." *See Senate of Puerto Rico v. United States Dep't of Justice*, 823 F.2d 574, 587–88 (D.C.Cir.1987) (identities of targets of law-enforcement investigations not disclosed under FOIA); *Nix v. United States*, 572 F.2d 998, 1005–06 (4th Cir.1978) (identities of investigating FBI agents and United States Attorney not disclosed under FOIA).

■ The third category of information withheld by the IRS consisted of 159 memoranda, reports, printouts, and letters which were in whole or in part tax return information of individuals other than the plaintiffs. The IRS withheld 119 of the documents in whole and redacted parts of the other 40. The analysis here is the same as for the first category of information withheld by the IRS: under 5 U.S.C. § 552(b)(3) and 26 U.S.C. § 6103 the IRS acted properly.

■ The last category of material withheld by the IRS consists of one two-page memorandum. The memorandum contains information compiled for law enforcement purposes. Specifically, the document con-

tains tolerance and criteria used internally by the IRS in investigations. The Crawford Declaration states that disclosure of the document would undermine the enforcement of the internal revenue laws. Under 5 U.S.C. § 552(b)(2) and (b)(7)(E) the withholding of this information was proper.

The plaintiffs have failed to present evidence which raises a genuine issue of material fact. The plaintiffs' argument and evidence concerning the production of documents focuses on the defendant's response to a discovery request made by the plaintiffs. The plaintiffs claim the defendant did not properly respond to the discovery request. This allegation made by the plaintiffs has no bearing on the FOIA issue. Plaintiffs have raised no factual issues concerning the defendant's response to their FOIA request.

The defendant's Motion for Summary Judgment shall be granted. Moreover, for the reasons stated above, the plaintiffs' Cross Motion for Summary Judgment shall be denied.

IT IS, THEREFORE, HEREBY ORDERED that the Motion for Summary Judgment of the United States of America, Internal Revenue Service (docket # 55) is *GRANTED.* Judgment shall be entered in favor of defendant United States, IRS, and against the plaintiffs on the plaintiffs' Freedom of Information Act claim.

IT IS FURTHER ORDERED that the plaintiffs' Cross Motion for Summary Judgment (docket # 61) is *DENIED.*

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment in favor of defendants and against plaintiffs.