**Ted D. MILLER aka, Orem Miller and Linda R. Miller aka Amsheeva R. Miller, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civil No. 4–96–CV–10367.

United States District Court,
S.D. Iowa,
Central Division.

Oct. 2, 1996.

Ted D. Miller, Fairfield, IA, pro se.

Linda R. Miller, Fairfield, IA, pro se.

Joan Stentiford Ulmer, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

ORDER

LONGSTAFF, District Judge.

The Court has before it defendant's motion to dismiss, filed July 15, 1996. In an order dated August 14, 1996, plaintiffs were directed to file a resistance on or before August 26, 1996, or the motion shall be granted. To date, no resistance has been received.

## I. BACKGROUND

Plaintiffs are husband and wife and currently reside in Fairfield, Iowa. The United States has filed federal tax liens against the plaintiffs jointly, and against Mr. Miller, individually, for unpaid federal taxes for various tax years dating back to 1991. The plaintiffs do not contend they were improperly notified of the assessed taxes, nor do they appear to contest the amount of the assessment. Rather, plaintiffs seek a declaration from this Court acknowledging that plaintiffs are "sovereigns" and as such should be exempted from filing federal income tax returns and paying federal taxes.

## II. APPLICABLE LAW AND DISCUSSION

Initially, the Court notes the United States is immune from suit unless it has expressly waived its immunity and consented to be sued. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). Although the United States has waived its immunity to a limited extent for actions seeking the recovery of taxes paid, or to challenge erroneously assessed taxes and penalties, such suits must follow clearly established procedure. *See* 28 U.S.C. § 1346(a)(1).

■ Plaintiffs' suit in the present case does not conform to established procedure. Their request for an acknowledgement from this Court that they are "sovereigns," and thus, exempt from federal taxation is in actuality a request for a declaratory judgment. *See O'Connor v. United States,* 669 F.Supp. 317, 321 (D.Nev.1987) (plaintiff's request for a finding of fact that they were not "taxpayers" considered to be request for declaratory judgment). The Declaratory Judgment Act,

28 U.S.C. § 2201(a), specifically bars actions involving federal taxation.[1] Therefore, to the extent plaintiffs seek a declaration regarding their status as United States taxpayers, plaintiffs' claims must be dismissed.

■ This Court also lacks jurisdiction to prevent any collection efforts by the IRS. "The Anti–Injunction Act [codified at 26 U.S.C. § 7421(a) ] ... prohibits federal courts from entertaining any action filed to restrain the assessment or collection of taxes."[2] *O'Hagan v. United States,* 86 F.3d 776, 778 (8th Cir.1996); *see also O'Connor v. United States,* 669 F.Supp. at 320. Exceptions to this rule have been recognized where "(1) the government cannot prevail on the merits even if the facts and the law are examined in the light most favorable to the government; and (2) equity jurisdiction would otherwise exist." *Id.* at 779 n. 2 (*quoting Enochs v. Williams Packing & Navigation Co., Inc.,* 370 U.S. 1, 7–8, 82 S.Ct. 1125, 1129–30, 8 L.Ed.2d 292 (1962)). Plaintiffs have failed to provide evidence which would support either exception in the present case.

■ Plaintiffs' contention that the United States' action in assessing taxes against them violates the Thirteenth Amendment to the United States Constitution is dismissed as frivolous. *See e.g. Edgar v. Inland Steel Co.,* 744 F.2d 1276, 1279 n. 4 (7th Cir.1984); *McCoy v. Commissioner,* 76 T.C. 1027, 1981 WL 11241 (1981), *aff'd,* 696 F.2d 1234 (9th Cir.1983) (noting that all courts considering claim have dismissed as frivolous).

Lastly, the Court notes that even if the Court had jurisdiction to hear plaintiffs' claims, and the claims were found to be meritorious, there is no evidence the United States has been properly served. Pursuant to Federal Rule of Civil Procedure 4(i)(1),

---

**1.** The relevant language is as follows:

(a) In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986* ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added).

**2.** The statute itself excepts actions filed in the United States Tax Court for a redetermination of a proposed deficiency. 26 U.S.C. §§ 6212(a) and (c); 6213(a). It also excepts other actions filed in the district court pursuant to 26 U.S.C. §§ 6672(b); 6694(c); 7426(a) and (b)(1) and 7429(b). None of these sections is applicable in the present case, however.

service on the United States is properly effected by delivering a copy of the summons and complaint to the appropriate United States Attorney, the Attorney General of the United States, and the applicable federal agency. Fed.R.Civ.P. 4(i)(1). No record of such service has been provided to the Court.

### III. CONCLUSION

For the reasons outlined above, defendant's motion to dismiss [pleading # 2] is GRANTED. The Clerk of Court is directed to enter judgment against plaintiffs and in favor of defendant.