108 F.3d 1369
 79 A.F.T.R.2d 97-2002, 97-1 USTC P 50,348
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Bennie Lee GRIFFIN, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.
 No. 96-6225.
 United States Court of Appeals, Second Circuit.
 March 24, 1997.
 
 1
 Appearing for Appellant: Bennie Lee Griffin, pro se, Brooklyn, New York.
 
 
 2
 Appearing for Appellee: Ann B. Durney, Tax Division, United States Department of Justice, Washington, D.C.
 
 
 3
 Before FEINBERG and WINTER, Circuit Judges, and POLLACK, District Judge.*
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 6
 Bennie Lee Griffin, pro se, appeals from Judge Korman's denial of Griffin's request for a preliminary injunction and his dismissal of Griffin's complaint. Griffin failed to file federal income tax returns for the taxable years 1985 through 1992. Pursuant to 26 U.S.C. § 6020(b), the Internal Revenue Service ("IRS") prepared substitute tax returns for those years and assessed $281,286.94 against him. Griffin failed to pay these assessed taxes, and after notice and demand for payment, the IRS levied against Griffin's wages.
 
 
 7
 Griffin's complaint in the instant action sought a declaratory judgment that he is not a taxpayer and therefore not required to pay federal income tax on his salary from work as an electrician. Griffin later sought a temporary restraining order against the levying against his wages until his action was resolved. On August 1, 1996, the district court issued two orders, one denying Griffin's request for a temporary restraining order, and the other dismissing his complaint. This appeal followed.
 
 
 8
 Reviewing the district court's orders de novo, we conclude that they were proper. See, e.g., O'Brien v. Alexander, 101 F.3d 1479, 1484 (2d Cir.1996) (dismissals for failure to state a claim are reviewed de novo ); Hotel & Restaurant Employees Union Local 217 v. J.P. Morgan Hotel, 996 F.2d 561, 564 (2d Cir.1993) (questions of subject matter jurisdiction are reviewed de novo ).
 
 
 9
 The district court correctly determined that it lacked jurisdiction to grant Griffin's request for a temporary restraining order. The Anti-Injunction Act states that "[n]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. § 7421(a). None of the possible exceptions to this provision apply in the instant case. In particular, we find inapplicable the exception defined by the Supreme Court in Enochs v. Williams Packing & Navigation, 370 U.S. 1, 7 (1962), which allows suits to go forward where: (i) "under no circumstances could the government ultimately prevail" and (ii) "equity jurisdiction otherwise exists." Bob Jones University v. Simon, 416 U.S. 725, 725 (1974), overruled on other grounds, South Carolina v. Regan, 465 U.S. 367, 379 (1984).
 
 
 10
 Griffin fails to meet both prongs of this exception. His claim that he is not a taxpayer is without merit. Cf. Connor v. Commissioner, 770 F.2d 17, 20 (2d Cir.1985) (rejecting similar argument that wages are not income and imposing sanctions). And the alleged harm he seeks to halt is purely financial and thus easily compensable at law. See 26 U.S.C. § 7422.
 
 
 11
 Griffin also argues that the district court erred in dismissing his complaint requesting a declaratory judgment that he is not a taxpayer. However, the district court correctly dismissed Griffin's complaint as "wholly lack[ing] merit," because the district court had no jurisdiction to issue such a declaration. The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes federal courts to grant declaratory relief in cases of actual controversy within its jurisdiction, but expressly precludes granting such relief in cases "with respect to Federal taxes." This prohibition is "designed to protect 'the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference.' " Nelson v. Regan, 741 F.2d 105, 109 (2d Cir.) (quoting Bob Jones University, 416 U.S. at 736), cert. denied sub nom. Manning v. Nelson, 469 U.S. 853 (1984). The statute makes clear that Congress intended to bar federal courts from granting declaratory relief in cases challenging the IRS's method of collecting and assessing federal taxes. Nelson, 731 F.2d at 109; Jolles Foundation v. Moysey, 250 F.2d 166, 169 (2d Cir.1957); Field v. United States, 340 F.Supp. 175, 177 (S.D.N.Y.), aff'd, 486 F.2d 1393 (2d Cir.1972); O'Connor v. United States, 669 F.Supp. 317, 321 (D.Nev.1987) (holding request for declaration concerning taxpayer status to be beyond court's powers), aff'd, 935 F.2d 275 (9th Cir.1991), cert. denied, 502 U.S. 1104 (1992). The exception for tax matters is very broad, Martin v. Andrews, 238 F.2d 552, 556 (9th Cir.1956), and applies regardless of a recitation of alleged constitutional violations. Willis v. Alexander, 575 F.2d 495, 495 (5th Cir.1978); Jolles, 250 F.2d at 169. It is clear, therefore, that Griffin's challenge falls squarely within the tax exception to the Declaratory Judgment Act.
 
 
 12
 We affirm.
 
 
 
 *
 The Honorable Milton Pollack of the United States District Court for the Southern District of New York, sitting by designation