Lawrence Stephen MAXWELL, Plaintiff,

v.

Robert RUBIN, Secretary of the Treasury, Defendant.

William Thad DAVIS, Plaintiff,

v.

Robert RUBIN, Secretary of the Treasury, Defendant.

Roger C. WYDNER, Plaintiff,

v.

Robert RUBIN, Secretary of the Treasury, Defendant.

Civ. A. Nos. 97–2768 (PLF), 97–2769 (PLF) and 97–2770 (PLF).

United States District Court, District of Columbia.

April 23, 1998.

Larry Elliot Klayman, Klayman & Associates, PC, Washington, DC, J. Hamilton McMenamy, Dallas, TX, for Plaintiffs.

Joseph A. Sergi, U.S. Dept. of Justice, Tax Div., Washington, DC, for Defendant.

## *MEMORANDUM OPINION*

### PAUL L. FRIEDMAN, District Judge.

On November 20, 1997, four separate complaints and motions for preliminary injunctions were filed in this Court. The facts and complaints in the four cases are essentially identical except that each has a different named plaintiff or plaintiffs.[1] On December 11, 1997, Judge William Bryant dismissed *Lake v. Rubin,* Civil Action No. 97–2767, for lack of subject matter jurisdiction. On December 24, 1997, this Court issued an order consolidating the three remaining cases, setting a briefing schedule on the issue of permanent injunctive relief and setting a date for a motions hearing. The consolidated cases are before the Court on the government's motion to dismiss. After careful consideration of the extensive briefs and memoranda filed by both sides and the arguments presented by counsel at the hearing, the Court concludes that it does not have subject matter jurisdiction over these cases, and the cases therefore shall be dismissed.

## I. FACTS

Plaintiff Lawrence Maxwell brought this case under the Privacy Act, 5 U.S.C. § 552a.[2] He alleges that he has "been the recipient of threatening correspondence and numerous documents purportedly created and forwarded via United States mail by agents of the United States Department of the Treasury—Internal Revenue Service." Complaint at ¶ 12. On August 12, 1997, Mr. Maxwell sent a letter to the Internal Revenue Service requesting:

1) any and all records containing information about Lawrence Stephen Maxwell relevant and necessary to accomplish a purpose of the Department of Treasury required to be accomplished by statute or by executive order of the President . . .

2) any and all records containing information about Lawrence Stephen Maxwell that determined that Lawrence Stephen Maxwell was subject to the enforcement authority of the Department of the Treasury . . .

3) any and all records containing information about Lawrence Stephen Maxwell that determined that Lawrence Stephen Maxwell was required by statute or executive order to pay, or cause to be paid, a "tax" to the Department of the Treasury . . .

4) any and all records containing information about Lawrence Stephen Maxwell that determined that Lawrence Stephen Maxwell was required by statute or executive order to file a "form" that has been promulgated by the Office of Management and Budget (OMB) pursuant to the SF–83 request filed with the OMB by the Department of the Treasury . . .

Complaint, Exh. 1 at 2.[3]

Mr. Maxwell alleges that he was trying to "obtain records that would explain adverse determinations made by the Department of the Treasury—IRS with regard to Plaintiff." Complaint at ¶ 5. In his letter to the IRS, Mr. Maxwell claimed that he was entitled to the records "under the provisions of the Privacy Act of 1974 codified at 5 U.S.C. 552a." Complaint at ¶ 12. Mr. Maxwell alleges that he received no response from the IRS, so he sent a follow-up letter on October 2, 1997. Complaint, Exh. 3. By letter stamped November 18, 1997, the IRS informed Mr. Max-

---

1. Since then, thirty-seven additional cases have been filed with nearly identical facts and complaints. All but the most recent of those cases have been stayed pending resolution of these three consolidated cases.

2. While each of the three plaintiffs in these consolidated cases has filed a separate complaint, the three complaints are virtually identical. For

the sake of clarity, Mr. Maxwell's complaint is used as representative. Any material differences in the facts of the three cases are noted.

3. Mr. Davis and Mr. Wydner sent their letters on August 18, 1997, but they requested exactly the same documents.

well that his request for records was being denied because he had not followed the published procedure for making a request under the Privacy Act. Defendant's Opposition to Motion for Preliminary Injunction, Exh. 1.[4] On November 20, 1997, Mr. Maxwell, Mr. Davis and Mr. Wydner filed these suits to obtain the requested records.

After the Court consolidated the three cases and set a briefing schedule on the issue of permanent injunctive relief, the government responded with a motion to dismiss on a variety of jurisdictional grounds. At the February 5, 1998 hearing, the Court asked the parties to address whether the relevant provision of the Internal Revenue Code, 26 U.S.C. § 7852(e) deprived the Court of jurisdiction over these cases.[5] Plaintiffs took the position that Section 7852(e) did not apply to this case. Counsel for the government represented that the government was not relying on Section 7852(e) as grounds to dismiss the cases for lack of jurisdiction. After the hearing, the Court informed the parties that it had an independent obligation to consider whether it had subject matter jurisdiction regardless of whether the parties wished to argue the matter and that "the plain language of Section 7852(e) appears to prevent this Court from exercising jurisdiction in this case." Memorandum and Order of February 6, 1998 at 2. The Court therefore directed the parties to file supplemental memoranda "addressing the applicability of Section 7852(e) to this case." *Id.* at 3. The government now argues that Section 7852(e) applies to these cases and prevents the Court from exercising jurisdiction, while plaintiffs maintain, among other things, that Section 7852(e) is invalid.

## II. DISCUSSION

Plaintiff has stated that his suit "is COMPLETELY pursuant and ONLY under the authority of the Privacy Act." Plaintiff's Reply to Defendant's Opposition to Preliminary Injunction at 10. Because the Court con-

cludes that the Privacy Act does not provide jurisdiction in this Court over these cases, this Court must dismiss the cases for lack of subject matter jurisdiction.

*A. Statutory and Regulatory Framework*

The Privacy Act, 5 U.S.C. § 552a, provides the framework by which the federal government maintains and disseminates information about individuals. Under the Privacy Act, each agency that maintains a system of records must provide an individual with "access to his record or to any information pertaining to him which is contained in the system." 5 U.S.C. § 552a(d)(1). An individual also has the right to request amendment of a record that he or she believes is incorrect, and the statute specifies certain procedural protections that an agency must observe before denying an individual's request to amend his or her record. 5 U.S.C. § 552a(d)(2), (3) and (4). The Privacy Act also requires agencies to promulgate regulations establishing the procedures by which individuals can gain access to and seek to amend the records kept by the agency. 5 U.S.C. § 552a(f). Finally, the Privacy Act provides civil remedies for violations of the Privacy Act and provides for federal jurisdiction over such suits. 5 U.S.C. § 552a(g). Depending on the violation, a prevailing plaintiff in a Privacy Act suit may obtain injunctive relief, attorneys' fees and, if the government intentionally or willfully violates certain provisions of the Privacy Act, damages. *Id.*

Congress has provided by separate statute that the Internal Revenue Service is exempt from certain provisions of the Privacy Act. Specifically, it has provided that "subsections (d)(2), (3), and (4), and (g) [of the Privacy Act] ... shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions

---

4. The IRS sent a letter to Mr. Davis dated November 13, 1997. It is not clear whether a letter was ever sent to Mr. Wydner.

5. 26 U.S.C. § 7852(e) provides:
   The provisions of subsection (d)(2), (3), and (4), and (g) of Section 552a of title 5, United States Code, shall not be applied, directly or indirect-

ly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

of this title apply." 26 U.S.C. § 7852(e). Certain provisions of the Privacy Act still apply to the IRS. For instance, while the IRS is exempt from the *amendment* provisions of the Privacy Act, 5 U.S.C. § 552a(d)(2), (3) and (4), it is not exempt from the *access* provision, 5 U.S.C. § 552a(d)(1), or from the requirement that the IRS promulgate regulations governing both access to and amendment of individuals' records. 5 U.S.C. § 552a(f).[6] The IRS, however, has been exempted from 5 U.S.C. § 552a(g), the section of the Privacy Act that provides a civil remedy for any violations of the Privacy Act and vests the federal courts with jurisdiction over such suits. *See* 26 U.S.C. § 7852(e). The federal courts therefore lack jurisdiction over suits to enforce the Privacy Act against the Internal Revenue Service in cases in which the plaintiff seeks to obtain records which relate "directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense." 26 U.S.C. § 7852(e); *see O'Connor v. United States,* 669 F.Supp. 317, 323 (D.Nev.1987), *aff'd,* 935 F.2d 275, 1991 WL 99478 (9th Cir.1991).

### B. Application of Section 7852(e)

■ Plaintiffs are attempting to "obtain records that would explain adverse determinations" made by the IRS. *See* Complaint at ¶ 5; Complaint, Exh. 1 at 2. These cases therefore concern "the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense." *See* 26 U.S.C. § 7852(e). As a result, plaintiffs cannot bring suit under the Privacy Act to gain access to these records.

Plaintiffs argue that Section 7852(e) does not apply because they are seeking records concerning the *source* of the IRS's authority to tax them rather than determinations of the amount of their tax liability. Plaintiffs' Supplemental Memorandum at 4. The language of Section 7852(e), however, is written

broadly to cover any "determination of the existence or possible existence" of an individual's tax liability; the source of the IRS's authority to tax a particular individual is part of the determination of that individual's liability and therefore falls within the proscriptions of Section 7852(e). *See England v. Commissioner of Internal Revenue,* 798 F.2d 350, 352 (9th Cir.1986) (records generated by the IRS in the course of processing tax returns and determining tax liability subject to Section 7852(e) prohibition); *O'Connor v. United States,* 669 F.Supp. at 323 (Section 7852(e) applies to documents identifying taxpayer as "tax protester").

The plain language of Section 7852(e) states that the provision of the Privacy Act providing the federal district courts with jurisdiction over civil actions to enforce the Privacy Act "shall not be applied" to the IRS. While the Court should not rely solely on the plain language of the statute if to do so would produce absurd results and undermine the intent of the statute, *see, e.g., Mova Pharmaceutical Corp. v. Shalala,* 140 F.3d 1060, 1067 (D.C.Cir.1998), plaintiffs have offered no evidence that Congress did not intend what the plain language of Section 7852(e) dictates: to protect the IRS from civil liability in cases such as these brought pursuant to the Privacy Act. Plaintiffs assert that the absence of discussion about Section 7852(e) in the legislative history of the Tax Reform Act of 1976 indicates that "Congress had no knowledge whatsoever of its existence" and that the Court therefore should not give effect to the statute. Plaintiff's Supplemental Memorandum at 7. The absence of legislative history, however, is simply not sufficient grounds for this Court to disregard clear statutory language or to assume that Congress did not know what it was doing. Confronted by a facially clear statute and the absence of legislative history clearly indicating a contrary intent on the part of Congress, the Court is bound by the plain language of the statute. *See Mova Pharmaceutical Corp. v. Shalala,* 140 F.3d at 1067.

---

6. The IRS has promulgated regulations pursuant to 5 U.S.C. § 552a(f). *See* 31 C.F.R. Pt. 1, Subpt.

C, App. B.

Plaintiffs also argue that Section 7852(e) is invalid because the IRS has not promulgated an implementing regulation and suggest that a statute has no force or effect unless and until an agency promulgates regulations to enforce it. *See* Plaintiffs' Supplemental Memorandum at 5–6. Plaintiffs misunderstand the law. The cases cited by plaintiffs address the limited situation, not raised here, where regulations are specifically "called for by the statute itself." *See United States v. Mersky*, 361 U.S. 431, 438, 80 S.Ct. 459, 4 L.Ed.2d 423 (1960). While the Privacy Act is such a statute, *see* 5 U.S.C. § 552a(f), Section 7852(e) of the Internal Revenue Code does not call for regulations. The lack of regulations therefore cannot invalidate the statute. Indeed, Section 7852(e) merely specifies that the IRS is exempt from certain provisions of the Privacy Act; it is difficult to imagine how the IRS could promulgate regulations to implement this provision.

Finally, plaintiffs argue that Section 7852(e) is unconstitutionally vague and therefore invalid. Again, plaintiffs apparently misunderstand either the law, the nature of Section 7852(e) or the void-for-vagueness doctrine. The doctrine of vagueness prevents the government from imposing criminal and, to a lesser extent, civil penalties if the statute or regulation specifying the prohibited conduct is not sufficiently specific to provide fair notice and fair enforcement. *See Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); Anthony G. Amsterdam, *The Void for Vagueness Doctrine in the Supreme Court*, 109 U. PA. L. REV. 67 (1960). Section 7852(e) is not an enforcement statute; it does not prohibit any type of conduct and does not provide for any civil or criminal penalties. The Court will not invalidate Section 7852(e) on the grounds that it is unconstitutionally vague.

The Court concludes that 26 U.S.C. § 7852(e) is a valid statute that, by its plain language, prevents this Court from exercising jurisdiction over these cases. The defendant's motion to dismiss therefore will be granted. An Order and Judgment consistent with this Memorandum Opinion shall be issued this same day.

SO ORDERED.

*ORDER AND JUDGMENT*

For the reasons stated in the Memorandum Opinion issued this same day, it is hereby

ORDERED that plaintiffs' motions for preliminary injunctions are DENIED; it is

FURTHER ORDERED that defendant's motion to dismiss is GRANTED; it is

FURTHER ORDERED that these consolidated cases are DISMISSED and shall be removed from the docket of this Court; and it is

FURTHER ORDERED that JUDGMENT is entered for defendant.

SO ORDERED.