Mark P. MAXFIELD,
Plaintiff-Appellant,

v.

UNITED STATES POSTAL SERVICE,
San Francisco Bulk Mail Center,
Defendant-Appellee.

No. 84–1713.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1984.

Decided Oct. 26, 1984.

Mark P. Maxfield, in pro per.

Elaine Ferris, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before TANG, SCHROEDER and BEEZER, Circuit Judges.

## OPINION *

BEEZER, Circuit Judge:

Appellant Mark Maxfield ("Maxfield") is employed by the United States Postal Service ("Postal Service"). In 1983, the Internal Revenue Service ("I.R.S.") requested Maxfield to verify and explain why he had claimed 15 withholding allowances on his W–4 form. Maxfield responded that he was "exempt" from all tax withholdings as of February 1982. The I.R.S. then notified both Maxfield and Postal Service that it had determined Maxfield's W–4 form to be incorrect. Postal Service was directed to withhold tax as if Maxfield were married and claiming six withholding allowances.

Maxfield commenced an action against Postal Service in California small claims

---

* Decided in an unpublished memorandum disposition for which this opinion is substituted.

court, alleging that his employer was wrongfully withholding taxes from his wages. The case was removed to federal district court. Upon consideration of the pleadings and argument presented, the district court granted summary judgment for the Postal Service. We affirm.

Maxfield contends that his employer could not lawfully make any payroll deduction for federal withholding tax and that he is entitled to recover his full wages withheld. The I.R.S. seeks to sustain the district court on the basis of the Anti-Injunction Act, 26 U.S.C. § 7421, and it also seeks sanctions.

We review a grant of summary judgment *de novo. Loehr v. Ventura County Community College District,* 743 F.2d 1310, 1313 (9th Cir.1984).

## I

### Anti-Injunction Act as Bar to Suit

■ 26 U.S.C. § 7421(a) prohibits taxpayers from bringing a "suit for the purpose of restraining the assessment or collection of any tax ..." This section is strictly enforced. *See Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Alexander v. Americans United, Inc.,* 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974); *Stonecipher v. Bray,* 653 F.2d 398 (9th Cir.1981), *cert. denied,* 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982). The purpose of the statute is to allow the United States to assess and collect taxes without judicial intervention. *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). The only exception to the Anti-Injunction Act requires the taxpayer to demonstrate that (1) under no circumstances can the government ultimately prevail; and (2) the taxpayer will be irreparably harmed if the injunction is not granted. *Id.*

■ Maxfield has not satisfied either part of the *Williams Packing* test. He has made no showing that the government cannot prevail, *i.e.,* that he did not incur tax liability for the preceding year or that

he could reasonably anticipate incurring no liability for the current year. Maxfield's assertion that he is exempt from paying income tax appears to be based solely on his allegation that the income tax is unconstitutional. This claim is frivolous. *Edwards v. Commissioner,* 680 F.2d 1268, 1270 (9th Cir.1982).

Maxfield has an adequate remedy at law if withholding exceeds his tax liability. He may claim a tax refund for excessive withholding on his U.S. Individual Income Tax Return. 26 U.S.C. § 6402. Maxfield has made no showing that he has been deprived of his property without due process.

Because Maxfield has not met the narrow *Williams Packing* exceptions, his suit for injunction was properly barred under the Anti-Injunction Act by the district court.

## II

### Recovery of Taxes Withheld

■ Maxfield's assertion that Postal Service "deprived [him] of his property" in violation of the fifth amendment is meritless. In *Chandler v. Perini Power Constructors, Inc.,* 520 F.Supp. 1152 (D.N.H. 1981), the court held that a defendant employer has no discretion but to follow I.R.S. directives under 26 U.S.C. § 3402 in withholding taxes from an employee's pay. The employer is immune from liability to the employee for the withholding, since the duty to withhold is mandatory, rather than discretionary, in nature. *Chandler,* 520 F.Supp. at 1153. Maxfield's conversion action against Postal Service will not lie because the withheld wages have been paid to the I.R.S. in compliance with law.

We hold that the district court correctly determined that there were no genuine issues of material fact and that the Postal Service was entitled to summary judgment as a matter of law.

## III

### Attorney's Fees and Costs on Appeal

■ When a judgment is affirmed, this court has the authority to award fees and

double costs on appeal in its discretion pursuant to 28 U.S.C. § 1912. Fed.R.App.P. 38 provides for the same remedy if the court finds that an appeal is frivolous. *See Oliver v. Mercy Medical Center, Inc.,* 695 F.2d 379 (9th Cir.1982).

Postal Service is therefore awarded reasonable attorney's fees and double costs on appeal.

AFFIRMED.