**E. Sterling SMITH, Plaintiff,**

v.

**Roscoe L. EGGER, Jr., et al.,
Defendants.**

**No. CIV. S-84-1662 RAR.**

United States District Court,
E.D. California.

Sept. 11, 1985.

E. Sterling Smith, Ruth R. Smith, pro se.

Karen L. Stifter, Trial Atty., Tax Div.,
U.S. Dept. of Justice, Washington, D.C.,
for defendants.

## ORDER

RAMIREZ, District Judge.

Pursuant to Court order filed August 13, 1985, defendants submitted two declarations documenting the attorneys' fees expended by defendants in defense of the above-entitled action. While plaintiffs were afforded ten (10) days to respond thereto, no opposition has been received by the Court. The first declaration, signed by Yoshinori H.T. Himel requests total fees and expenses of $579.80, based on 6.5 hours of work. The second declaration, signed by Robert G. Coberly, requests $3,163.56, based on 79.5 hours expended by the Justice Department and overhead costs. From the record the Court infers these hours were utilized to (1) oppose plaintiffs' motion for a temporary restraining order, with a ten-page brief and attachment; (2) prepare an order denying plaintiffs' motion for a temporary restraining order; (3) prepare defendants' motion to dismiss or in the alternative for summary judgment, with fourteen pages of legal memorandum, as well as eight declarations from the various defendant officers; (4) prepare defendants' motion to dismiss plaintiff's amended complaint, or in the alternative for summary judgment, with a four-page brief; and (5) prepare the order dismissing with prejudice plaintiffs' complaint, as the action was barred by the Anti-Injunction Act, 26 U.S.C. § 7421.

F.R.Civ.P. 11 provides in relevant part:
The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

A review of the file demonstrates that plaintiffs, E. STERLING SMITH and

RUTH R. SMITH, filed an action for damages and injunctive relief pursuant to 42 U.S.C. § 1983 on December 17, 1984 against ten defendants, all federal officials of the Internal Revenue Service (IRS). The IRS had attempted to levy on plaintiffs' property for delinquent taxes from 1978 through 1982, totalling $160,429.84. Complaint, Exhibit G. Plaintiffs alleged said actions by the IRS amounted to violations of their First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights. Alleging loss of income, of good name due to the reduction in credit rating, and impairment to their health, plaintiffs sought a temporary restraining order, an order to the IRS mandating that it show and prove its jurisdiction over their "absolute natural individuals," a hearing and permanent injunction, actual damages of $6,224.86, and punitive damages of $500,000.00.

On June 7, 1985, plaintiffs filed a severely shortened first amended complaint in response to defendants' motion to dismiss. This complaint indicated that defendants on December 19, 1984 filed notices of levy, Exhibits A–1 through A–16, which deprive plaintiffs "of valuable property rights without procedural due process under the 14th Amendment of the U.S. Constitution." Moreover, plaintiffs contended that they were entitled to an administrative hearing before their property could be attached or taken. Amended Complaint, p. 2, lines 15–17. In relief, plaintiffs sought a "decree determining the rights of the parties to this ongoing controversy." Id., p. 2, lines 21–22.

Based on the foregoing procedural and factual history, this Court makes a determination that plaintiffs' complaints, and especially the first amended complaint, were frivolous as a matter of law. Neither of the complaints at issue were grounded in fact or warranted by existing law or a good faith argument for extension of the law. In truth it would appear that both complaints have been filed solely for the purpose of harassment and/or to cause delay in the ultimate payment of taxes. Plaintiffs' original complaint sought "a temporary order *restraining* defendants from the enforcement of their tax leins and levys [sic]." Complaint, at 4, lines 21–22. The Anti-Injunction Act clearly bars this claim. 26 U.S.C. § 7421; *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Maxfield v. United Postal Service,* 752 F.2d 433 (9th Cir.1984). The first amended complaint, which was an attack at the constitutional deprivation of procedural due process, i.e., a pre-seizure hearing, is similarly meritless. The Supreme Court has definitely held that application of the Anti-Injunction Act is not a denial of due process so long as the taxpayer has access to judicial review in a refund action. *Bob Jones, supra,* 94 S.Ct. at 2051–52; *Alexander v. "American United" Inc.,* 416 U.S. 752, 94 S.Ct. 2053, 2058, 40 L.Ed.2d 518 (1974) ("decisions of this Court make it unmistakenly clear that the constitutional nature of a taxpayer's claim as distinct from its probability of success is of no consequence under the Anti-Injunction Act.")

While this Court makes a determination that plaintiffs' complaints were frivolous as a matter of law, the amount of briefing necessitated by defendants to make that determination was moderately substantial, especially when one considers the fact that ten defendants were named and that plaintiffs drastically changed the nature of their complaint half-way through the litigation. A review of the documentation filed by the defendants appears to be reasonably related to the hours of attorneys' fees requested.

For all of the aforementioned reasoning and good cause appearing,

IT IS HEREBY ORDERED that defendants be awarded costs and attorneys' fees in the sum of Three Thousand Seven Hundred Forty Three Dollars and 36/100 ($3,743.36) pursuant to the provisions of Rule 11, F.R.Civ.P.

IT IS SO ORDERED.