951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard C. BROWN; Marie P. Brown, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-16523.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard and Marie Brown (taxpayers) appeal the district court's dismissal for lack of jurisdiction of their action challenging the government's seizure and sale of their property for unpaid tax liabilities. Taxpayers contend that jurisdiction exists under 28 U.S.C. § 2410 and the common law principles of injunctive and declaratory relief. We review de novo, Jensen v. IRS, 835 F.2d 196, 198 (9th Cir.1987), and affirm.
 
 
 3
 * Action to Quiet Title: 28 U.S.C. § 2410
 
 
 4
 Section 2410 of the Internal Revenue Code (Code) states in relevant part: "[t]he United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. We have interpreted section 2410 as a limited waiver of the United States' sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991); see Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). "A taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment." Elias, 908 F.2d at 527.
 
 
 5
 Here, taxpayers were assessed for tax deficiencies during the tax years from 1977 to 1981.[1] The Internal Revenue Service (IRS) seized taxpayers' real property to satisfy their tax liability and eventually sold the property on or about September 31, 1988 to an undisclosed third party. On March 10, 1989, taxpayers filed their complaint in district court seeking declaratory and injunctive relief against the government.[2]
 
 
 6
 Clearly, the United States claimed no lien interest in the taxpayers' property on March 10, 1989 because the property was sold to a third party nearly six months prior to that date. Cf. Goodwin v. United States, 935 F.2d 1061, 1063 (9th Cir.1991) (jurisdiction under section 2410 valid where property sold pending appeal and taxpayer filed lis pendens prior to sale). Therefore, by its terms, section 2410 does not serve as a waiver of sovereign immunity. See 28 U.S.C. § 2410.[3]
 
 II
 Injunctive and Declaratory Relief
 
 7
 The Anti-Injunction Act (Act) prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." 26 U.S.C. § 7421(a). The Act is strictly enforced. See Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984). Aside from statutory exceptions that are inapplicable here, one judicial exception to the Act exists. See Elias, 908 F.2d at 523. The taxpayer must demonstrate that "(1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief." Id. at 525.
 
 
 8
 Here, taxpayers failed to demonstrate that they would suffer irreparable injury. Taxpayers have not offered evidence to show that they cannot pay the assessments, or that they do not have an adequate remedy at law. See id. at 526.[4] Taxpayers can challenge the assessments by filing an action in district court for refund. Id. Therefore, the Act bars taxpayers' action for injunctive relief. See id.; Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).
 
 
 9
 The Declaratory Judgment Act explicitly excludes cases involving federal taxes, except for those arising under 26 U.S.C. § 7428, from its scope. 28 U.S.C. § 2201. Therefore, it cannot be a basis for jurisdiction here despite taxpayers' assertions to the contrary. See id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Taxpayers do not challenge the validity of the assessment
 
 
 [2]
 Taxpayers argued that the IRS violated its seizure and sale procedures by selling the property after the limitation period for the 1977 tax year, and that they executed a proper redemption of their property pursuant to 26 U.S.C. § 6337
 
 
 [3]
 In its order the district court misconstrued the scope of section 2410 by stating that it did not apply in actions brought by the assessed taxpayer. Nevertheless, we may affirm the district court's order on any basis supported by the record. Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir.1986)
 
 
 [4]
 Taxpayers bare assertions of harm are not sufficient to satisfy their burden of demonstrating irreparable injury. Elias, 908 F.2d at 526. Moreover, mere monetary harm or financial hardship does not constitute irreparable injury. Id