958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary FANNON, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 91-15558.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Fannon appeals pro se the district court's order dismissing his action to enjoin the Internal Revenue Service ("IRS") from collecting on liens and levies served on his employer.[1] The district court found that it lacked jurisdiction to issue an injunction based upon the Anti-Injunction Act, 26 U.S.C. § 7421. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Injunctive Relief
 
 
 4
 We review de novo the district court's dismissal of a taxpayer's action for lack of subject matter jurisdiction. Church of Scientology of Cal. v. United States, 920 F.2d 1481, 1485 (9th Cir.1990).
 
 
 5
 The Anti-Injunction Act ("Act") prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." 26 U.S.C. § 7421(a). The Act is strictly enforced. See Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984). Aside from statutory exceptions that are inapplicable here, one judicial exception to the Act exists. See Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). The taxpayer must demonstrate that "(1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief." Id. at 525.
 
 
 6
 Here, Fannon has made none of the requisite showings which would entitle him to relief. Instead he argues that he has "become a non-resident alien of the District of Columbia and citizen of Nevada State ... not a person within the commission jurisdiction...." In light of Fannon's clearly frivolous contentions, the district court did not err by dismissing Fannon's action for injunctive relief.
 
 II
 Appellate Sanctions
 
 7
 The IRS requests $1,500 damages as a sanction against Fannon for bringing this appeal. We have discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Fannon's claims are wholly without merit. Accordingly, we impose $1,500 damages as a sanction.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On January 31, 1991, Fannon filed a complaint in district court against the IRS and his employer seeking to enjoin the IRS from continuing to levy upon his wages and to remove the lien filed by the IRS. Subsequently, on March 6, 1991, Fannon filed the current action seeking to preliminarily enjoin the IRS from levying upon his wages until judgment was rendered on his January 31, 1991 complaint. On March 22, 1991, the district court dismissed both the January 31, 1991, and the current actions as barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). Fannon appealed from the dismissal of both actions, however, on August 22, 1991, we granted his motion to voluntarily dismiss his appeal as to the January 31, 1991 action