972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marjorie M. SMITH, Plaintiff-Appellant,
v.
UNITED STATES of America, et al., Defendants-Appellees.
 No. 91-15746.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 5, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marjorie M. Smith appeals pro se the district court's dismissal for lack of subject matter jurisdiction of her action against the United States and two Internal Revenue Service ("IRS") agents challenging the IRS's efforts to collect employment taxes from her. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court dismissed the action against the named IRS agents because it found that the United States was the real party in interest. We have previously held that "a suit against IRS employees in their official capacity is essentially a suit against the United States." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). Smith's claims against the IRS agents are for actions taken in their official capacities. Thus, the district court did not err by dismissing the action against IRS agents Lynn Peterson and Larry Vahe. See id.
 
 
 4
 The district court dismissed the action against the United States upon finding that because there was no express waiver of sovereign immunity, the court lacked subject matter jurisdiction over the action.
 
 
 5
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990).
 
 
 6
 "It is axiomatic that the United States may not be sued without its consent and that the existence of such consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). Thus, "absent express statutory consent to sue, dismissal is required." Gilbert, 756 F.2d at 1458.
 
 
 7
 Here, Smith brought a "Suit for and Motion to Dismiss Proceedings of Department of Treasury, Internal Revenue, Lack of Jurisdiction on Subject Matter-Rule 12(b)." From her vague and conclusory complaint, it appears that Smith sought: (1) an injunction to stop the collection of taxes from her; (2) a declaration that the "investigation" into the assessed deficiencies was invalid; and (3) the return of money or property taken from her by the IRS. Smith asserts that the United States has waived sovereign immunity under 28 U.S.C. §§ 2410 & 2463.
 
 I. Injunctive and Declaratory Relief
 
 8
 The Anti-Injunction Act ("Act") prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." 26 U.S.C. § 7421(a). The Act is strictly enforced. See Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984). Aside from statutory exceptions that are inapplicable here, one judicial exception to the Act exists. See Elias v. Connett, 908 F.2d 521, 523 (9th Cir.1990). The taxpayer must demonstrate that "(1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief." Id. at 525.
 
 
 9
 Here, Smith has failed to show that the government would not ultimately prevail on the merits or that she would suffer irreparable injury without injunctive relief. Therefore, the Act bars Smith's claim for injunctive relief. See id. at 526; Hughes v. United States, 953 F.2d 531, 535-36 (9th Cir.1992).
 
 
 10
 The Declaratory Judgment Act explicitly excludes cases involving federal taxes, except for those arising under 26 U.S.C. § 7428, from its scope. 28 U.S.C. § 2201. Therefore, there is no jurisdiction to hear Smith's claims for declaratory relief. See id; Hughes, 953 F.2d at 536-37.
 
 
 11
 II. Jurisdiction Under 28 U.S.C. §§ 2410 & 2463
 
 
 12
 Section 2410 of the Internal Revenue Code (Code) states in relevant part: "[t]he United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. We have interpreted section 2410 as a limited waiver of the United States' sovereign immunity in "actions challenging the procedural aspects of tax liens." Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991). "A taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment." Elias, 908 F.2d at 527; see Hughes, 953 F.2d at 538.
 
 
 13
 Section 2463 provides that "[a]ll property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decree of the courts of the United States having jurisdiction thereof." 28 U.S.C. § 2463. Section 2463 "merely codifies the principle that a court has remedial jurisdiction to prevent dispositions of property to which its jurisdiction has already attached." Hamilton v. Nakai 453 F.2d 152, 159 (9th Cir.1971), cert. denied, 406 U.S. 945 (1972).
 
 
 14
 Here, Smith appears to allege that the IRS collected income taxes from her without a "lawful assessment." Because Smith is challenging the merits of an assessment, section 2410 cannot be a basis for jurisdiction to hear her claim. See Hughes, 953 F.2d at 538; Elias, 908 F.2d at 527. Similarly, section 2463 does not provide a waiver of sovereign immunity in this instance because there is no property to which the district court's jurisdiction has already attached. See Hamilton, 453 F.2d at 159.
 
 III. Appellate Sanctions
 
 15
 The government requests $1,500 damages as a sanction against Smith for bringing this appeal. We have discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. From what we can discern from Smith's brief on appeal, we find her claims of error to be wholly without merit. Accordingly, we impose $1,500 damages as a sanction.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3