978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael L. MONTALVO, Petitioner-Appellant,
v.
UNITED STATES of America; Calvin Esselstorm, Director,
Respondents-Appellees.
 No. 91-56508.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 28, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Montalvo appeals pro se the district court's dismissal of his action for lack of jurisdiction. In his action, Montalvo sought declaratory and injunctive relief regarding a jeopardy assessment of his 1984 federal tax liability. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of subject matter jurisdiction, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Montalvo filed a complaint against the United States seeking declaratory and injunctive relief. He alleged the IRS wrongly issued a jeopardy assessment, which he claimed was done for harassment. Montalvo sought: (1) a declaration that the IRS acted beyond its authority in issuing the assessment and (2) an injunction preventing collection of his 1984 federal taxes. His complaint asserted jurisdiction pursuant to 28 U.S.C. §§ 1340, 1346(a)(1), and 1361. The district court dismissed Montalvo's action for lack of subject matter jurisdiction and denied Montalvo's motion for reconsideration.
 
 
 4
 On appeal, Montalvo contends the district court erred by determining it lacked jurisdiction to hear his action. He also contends dismissal was improper because his action falls within the Anti-Injunction Act exception articulated in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). These contentions lack merit.
 
 
 5
 * General Jurisdictional Statutes
 
 
 6
 The United States, as sovereign, may not be sued without its consent, and the terms of consent define the district court's jurisdiction to hear the suit. United States v. Testan, 424 U.S. 392, 399 (1976).
 
 
 7
 None of the three general jurisdictional statutes cited in Montalvo's complaint constituted a waiver of the government's sovereign immunity. 28 U.S.C. § 1340 grants the district court jurisdiction of any civil action arising under the internal revenue laws but does not waive the United States' sovereign immunity. Hughes v. United States, 953 F.2d 531, 539 n. 5 (9th Cir.1992). 28 U.S.C. § 1346(a)(1) provides the district court jurisdiction of civil actions against the United States for the recovery of internal revenue taxes erroneously or illegally assessed or collected. Nevertheless, as a prerequisite to jurisdiction under section 1346(a)(1), the taxpayer must (1) make full payment of taxes assessed, (2) claim a refund, and (3) if claim is denied, file a tax suit pursuant to 26 U.S.C. § 6532(a)(1). United States v. Dalm, 110 S.Ct. 1361, 1364-65 (1990). Here, Montalvo failed to allege or offer facts demonstrating that these prerequisites had been met. 28 U.S.C. § 1361 grants the district court jurisdiction of petitions for mandamus but does not waive the United States' sovereign immunity. Hill v. United States, 571 F.2d 1098, 1101 n. 5 (9th Cir.1978). Thus, the district court correctly ruled that the three statutes cited in the complaint did not provide it with jurisdiction to hear Montalvo's action. See Dalm, 110 S.Ct. at 1364-65; Hughes, 953 F.2d at 539 n. 5; Hill, 571 F.2d at 1101 n. 5.[1]
 
 II
 Anti-Injunction Act
 
 8
 The Anti-Injunction Act ("Act") prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." 26 U.S.C. § 7421(a). The Act is enforced strictly. See Maxfield v. U.S. Postal Serv., 752 F.2d 433, 434 (9th Cir.1984). Thus, ordinarily, taxpayers are limited in district court to "suits for refund." United States v. Condo, 782 F.2d 1502, 1506 (9th Cir.1986). Nevertheless, under Enochs, injunctive relief is available if the taxpayer can demonstrate that (1) under no circumstance can the government prevail, and (2) the taxpayer will be irreparably harmed if the injunction is not granted. 370 U.S. at 7. The taxpayer bears the burden of establishing both prongs of the Enochs exception. See Elias v. Connett, 908 F.2d 521, 525 (9th Cir.1990).
 
 
 9
 Here, Montalvo failed to satisfy either prong. First, Montalvo failed to demonstrate that under no circumstance could the government prevail. The United States Tax Court previously sustained Commissioner's determination of tax deficiency and additions to tax due from Montalvo for the taxable year 1984. Montalvo v. Commissioner, No. 10340-89 (U.S.T.C. Mar. 10, 1992). Second, Montalvo failed to show he would be irreparably harmed. Montalvo has a remedy at law. He may file an action for a refund. See 26 U.S.C. § 7422; Hughes, 953 F.2d at 536 (claim of mere financial hardship or monetary harm is insufficient to establish irreparable harm). Because Montalvo's action for injunctive relief involved federal taxes and did not fall within any exception to the Act, the district court correctly determined that it lacked jurisdiction to hear the action. See Hughes, 953 F.2d at 536.
 
 III
 Declaratory Judgment Act
 
 10
 The district court's exercise of jurisdiction was also barred by the Declaratory Judgment Act, 28 U.S.C. § 2201. Section 2201 specifically exempts cases seeking declaratory relief involving disputes "with respect to Federal taxes." Hughes, 953 F.2d at 536-37. To the extent Montalvo's action sought a declaration that the government and its agents acted beyond the authority of 26 U.S.C. § 6861, the claim was barred by section 2201. See id. Therefore, the district court correctly concluded that it lacked jurisdiction over Montalvo's claim for declaratory relief. See id.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "[T]he bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). Montalvo's action named as a defendant IRS District Director Calvin Esselstorm in his official capacity. As such, the action was essentially a suit against the United States and was barred by sovereign immunity. See id. Thus, the district court was without jurisdiction to hear Montalvo's action against Esselstorm. See id
 
 
 [2]
 On appeal, Montalvo argues that the district court erred by failing to liberally construe his pro se complaint. Nevertheless, liberal construction would not have conferred jurisdiction on the district court