980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard F. HANSON, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE; United States of
America, Defendants-Appellees.
 Nos. 92-15604.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Hanson appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his action challenging the Internal Revenue Service's ("IRS") collection of Hanson's federal tax liabilities for tax years 1983-85. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of subject matter jurisdiction, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 Hanson filed a Civil Complaint in the Nature of Mandamus seeking a jury trial in connection with a $36,750.68 tax assessment by the IRS. Hanson sought to have the assessment reduced to a judgment before a jury in an Article III Court prior to his payment of the tax. The Government answered and then moved to dismiss on the ground that the Anti-Injunction Act, 26 U.S.C. § 7421 ("Act"), precluded the district court from exercising jurisdiction over Hanson's action and on the ground that Hanson's complaint failed to state a claim upon which relief could be granted. Hanson opposed the motion. The district court concluded that Hanson's action had the purpose of restraining the assessment and collection of federal taxes and, therefore, was barred by the Act. Accordingly, the district court granted the Government's motion to dismiss for lack of subject matter jurisdiction.
 
 
 5
 On appeal, Hanson contends the district court erred by determining it lacked jurisdiction to hear Hanson's action because it was not prohibited by the Anti-Injunction Act.[1]
 
 II
 Merits
 
 6
 The United States, as sovereign, may not be sued without its consent, and the terms of consent define the district court's jurisdiction to hear the suit. United States v. Testan, 424 U.S. 392, 399 (1976). A waiver may not be implied but must be "unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Anti-Injunction Act prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." 26 U.S.C. § 7421(a). The Act is enforced strictly. See Maxfield v. U.S. Postal Serv., 752 F.2d 433, 434 (9th Cir.1984).
 
 
 7
 The district court must dismiss for lack of subject matter jurisdiction any suit falling within the Act's proscription. Elias v. Connett, 908 F.2d 521, 523 (9th Cir.1990). Thus, ordinarily, once a tax has been assessed, the taxpayer's only recourse is to appeal to the tax court or to pay the tax in full and then sue for a refund in district court. See United States v. Condo, 782 F.2d 1502, 1506 (9th Cir.1986). Nevertheless, under Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), injunctive relief is available if the taxpayer can demonstrate that (1) under no circumstance could the Government prevail on the merits of its claim, and (2) the taxpayer will be irreparably harmed if the injunction is not granted. Enochs, 370 U.S. at 7. The taxpayer bears the burden of establishing both prongs of the Enochs test. See Elias, 908 F.2d at 525.
 
 
 8
 Here, although Hanson characterizes his complaint as an action in the nature of mandamus, his action attempts to impede the IRS's collection activities. Thus, Hanson's action falls within the Act's proscription and is barred unless Hanson satisfies both prongs of the Enochs test. Hanson has failed to demonstrate that the Government can under no circumstance prevail. The IRS is not required to reduce a tax assessment to judgment prior to instituting administrative collection activity. See Enochs, 370 U.S. at 7 (purpose of section 7421(a) is to permit the collection of taxes without judicial intervention). Hanson also has failed to demonstrate that he will suffer irreparable harm if the collection of taxes is not enjoined. See Bob Jones University v. Simon, 416 U.S. 725, 745 (1974) (mere financial hardship insufficient to establish irreparable injury). Hanson has an adequate legal remedy: he may pay the tax and sue for a refund. See 28 U.S.C. §§ 1346(a)(1); 26 U.S.C. §§ 6532, 7422; Church of Scientology v. United States, 920 F.2d 1481, 1489 (9th Cir.1990) ("courts have repeatedly held that the opportunity to sue for a refund is an adequate remedy at law which bars the granting of an injunction."), cert. denied, 111 S.Ct. 2258 (1991). Thus, Hanson has failed to satisfy either prong of the Enochs test. See Hughes v. United States, 953 F.2d 531, 536 (9th Cir.1992).
 
 
 9
 Because Hanson's action sought to restrain the collection of federal taxes and did not fall within any exception to the Act, the district court correctly dismissed the action for lack of jurisdiction. See id.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hanson also contends the district court improperly granted the Government's motion to dismiss because the Government did not move for dismissal until after it had answered. This contention lacks merit. "Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). Thus, the district court's consideration of the motion was proper. See id
 
 
 [2]
 Hanson contends that he has no forum in which to exercise his Seventh Amendment right to a jury trial. This contention lacks merit. The Seventh Amendment right to a trial by jury does not apply to actions against the United States. McCoy v. Commissioner, 696 F.2d 1234, 1237 (9th Cir.1983). Moreover, by paying the tax and then suing for a refund, Hanson could have obtained a jury trial. See id