992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger W. KNIGHT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35039.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 4, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger W. Knight appeals pro se the district court's dismissal for lack of jurisdiction of his action against the United States seeking to enjoin an Internal Revenue Service (IRS) levy on his wages to collect income taxes due for the tax years 1990 and 1991. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 Knight claimed four exemptions on his 1990 income tax return, one for himself and one for each of his three children. At the relevant time, however, Knight's three children were in the custody of his ex-wife. Knight could claim the exemptions for his children only if he attached to his tax return a form signed by his ex-wife which stated that she would not claim exemptions for the children for that year. See 26 U.S.C. § 152(e)(2). Despite a written request by the IRS, Knight failed to submit the required form. The IRS therefore treated the claimed exemptions as mathematical or clerical errors pursuant to 26 U.S.C. § 6213(g)(2) and recalculated Knight's taxes on the basis of only one properly claimed exemption. On his 1991 tax return, Knight calculated the proper amount of tax owed but failed to pay that amount.
 
 
 5
 On August 31, 1992, the IRS sent Knight a Final Notice of Intention to Levy for assessments and additions to tax for 1990 and 1991, and requested payment within 30 days. Knight failed to pay the amounts owed and the IRS sent a notice of levy to Knight's employer. Knight then filed the present action seeking to enjoin the levy on his wages. The district court dismissed the action for lack of subject matter jurisdiction. Knight timely appeals.
 
 II
 Merits
 
 6
 The existence of subject matter jurisdiction is a question of law which we review de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 7
 The district court found that Knight's claim for injunctive relief was barred by the Anti-Injunction Act (Act), 26 U.S.C. § 7421(a). The Act prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax." Id. The Act is strictly enforced. See Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984); see also Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974). Thus, ordinarily taxpayers are limited in district court "to suits for refund." United States v. Condo, 782 F.2d 1502, 1506 (9th Cir.1986).
 
 
 8
 There are several statutory exceptions and one judicial exception to the Act. See 26 U.S.C. §§ 6212(a), (c), 6213(a), 6672(b), 6694(c), 7426(a), (b)(1), 7429(b); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).
 
 A. Statutory Exception
 
 9
 Knight contends that he never received a notice of deficiency for tax years 1990 and 1991 prior to the assessment and levy, and, therefore, his claim for injunctive relief was permitted by the statutory exception to the Act under section 6213(a). This contention lacks merit.
 
 
 10
 Section 6213(a) provides that no assessment of a tax shall be made and no proceeding for collection shall begin until 90 days after the mailing of a notice of deficiency pursuant to section 6212. 26 U.S.C. § 6213(a). Section 6213(a) further provides that "[n]otwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court." Id. An assessment arising out of a "mathematical or clerical error appearing on the [tax] return," however, is not subject to the notice requirements and restrictions of section 6213(a). Id. § 6213(b)(1). Section 6213(g)(2)(D) defines mathematical or clerical error, in part, as "an omission of information which is required to be supplied on the return to substantiate an entry on the return." Id. § 6213(g)(2)(D).
 
 
 11
 Knight was required to submit a statement signed by his ex-wife that she would not claim exemptions on her tax return for the couple's children. Id. § 152(e)(2). Because Knight's failure to submit such a statement to substantiate his claim to the exemptions constituted a "mathematical or clerical error," the IRS was not required to send Knight a notice of deficiency. See id. § 6213(b)(1). The restrictions on assessment and collection provided by section 6213(a) are therefore inapplicable. See id. Thus, the district court did not err by finding that the statutory exception to the Act asserted by Knight did not apply.
 
 B. Judicial Exception
 
 12
 Knight also contends that he was entitled to injunctive relief under the judicial exception to the Act. This contention lacks merit.
 
 
 13
 Under the judicial exception to the Act, injunctive relief is available if the taxpayer can demonstrate that (1) under no circumstances could the government prevail, and (2) the taxpayer will be irreparably harmed if the injunction is not granted. Enochs, 370 U.S. at 7; Elias v. Connett, 908 F.2d 521, 526 (9th Cir.1990). The taxpayer bears the burden of showing that the government cannot ultimately prevail, and the government need only have a good faith basis for its claim to obtain dismissal. Elias, 908 F.2d at 525.
 
 
 14
 Here, Knight failed to establish that under no circumstances could the government prevail. See Enochs, 370 U.S. at 7. We find unpersuasive his sole argument in this regard that the government could not prevail under any circumstances because section 152(e) is unconstitutional. Moreover, Knight has an adequate remedy at law because he can pay the tax and file an action for refund. See 26 U.S.C. § 7422. Finally, the district court correctly found that Knight's claim of financial hardship did not constitute irreparable harm. See Enochs, 370 U.S. at 7; Hughes v. United States, 953 F.2d 531, 536 (9th Cir.1992) ("mere financial hardship does not establish irreparable harm").
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3