26 F.3d 131
 74 A.F.T.R.2d 94-5017
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James ORNDOFF; Adela Orndoff, Plaintiffs-Appellants,
v.
UNITED STATES INTERNAL REVENUE SERVICE; Vinnell
Corporation; Kaiser Foundation Hospitals, Inc.;
et al., Defendants-Appellees.
 No. 93-15804.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James K. and Adela C. Orndoff appeal pro se the district court's dismissal of their action against the United States and others apparently challenging governmental authority to collect taxes and the Orndoffs' employers authority to withhold taxes from their wages. The Orndoffs also appeal the district court's imposition of a sanction of $3,000 against the Orndoffs pursuant to Fed.R.Civ.P. 11 for filing a frivolous action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Our review is limited to the contents of the complaint. Buckey v. City of Los Angeles, 968 F.2d 791, 794 (9th Cir.) cert. denied, 113 S.Ct. 599 (1992). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.
 
 
 5
 We review the district court's imposition of Rule 11 sanctions for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); United States v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992).
 
 II
 Dismissal
 
 6
 As the district court noted, the Orndoffs' complaint is difficult to decipher. Throughout the complaint, the Orndoffs appear to challenge various provisions of the Internal Revenue Code ("Code") claiming that "income tax laws are so vague and contradictory" that they are invalid and that the Orndoffs cannot be required to comply with them. The Orndoffs also appear to challenge their employers' withholding of taxes from their wages as illegal. They appear to be seeking injunctive and declaratory relief. The Orndoffs' claims are frivolous.
 
 
 7
 First, as to their challenge to the tax laws, "the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens." See 26 U.S.C. Sec. 1(c); see also United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989). Section 61 of the Code imposes a tax on income, and under the Code, wages are income. 26 U.S.C. Sec. 61; Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir.1986). The Orndoffs are taxpayers within the meaning of the Code and are subject to federal tax laws and income tax. See In re Becraft, 885 F.2d at 548; Grimes, 806 F.2d at 1453.
 
 
 8
 Second, as to the Orndoffs' challenge to their employers' withholding of taxes from their wages, such withholding is required by the Code under penalty of criminal prosecution. See 26 U.S.C. Secs. 3402(a)(1), 7202.
 
 
 9
 Third, to the extent the Orndoffs seek declaratory and injunctive relief as to the collection of income tax, such relief is prohibited by statute. The Anti-Injunction Act ("Act") prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." 26 U.S.C. Sec. 7421(a). The Act is strictly enforced. See Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984). Although there are several exceptions to the Act, none of the exceptions are applicable here. See Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). Similarly, the Declaratory Judgment Act excludes the availability of declaratory relief from cases involving federal taxes. 28 U.S.C. Sec. 2201. Therefore, there is no jurisdiction to hear the Orndoffs' claims for injunctive or declaratory relief. See id.; Hughes v. United States, 953 F.2d 531, 536-37 (9th Cir.1992).
 
 
 10
 Accordingly, the district court did not err by dismissing the Orndoffs' complaint for failure to state a claim. See Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.) (per curiam) (dismissal without leave to amend proper when deficiencies could not be cured by amendment), cert. denied, 488 U.S. 995 (1988).
 
 III
 Sanctions
 
 11
 Rule 11 provides that an unrepresented party shall sign all papers filed with the court to certify "that to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances, [the party's representation to the court] ... is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11. If a pleading, motion, or other paper is signed in violation of Rule 11, the court may impose sanctions upon the signer. Id. The standard to determine whether Rule 11 has been violated is objective reasonableness. Business Guides, Inc. v. Chromatic Communications Enters., Inc., 111 S.Ct. 922, 933 (1991). While the district court may impose Rule 11 sanctions against a pro se litigant for filing a frivolous claim, the court must construe pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1037 & n. 13 (9th Cir.1985). Moreover, the court has "sufficient discretion to take account of the special circumstances that often arise in pro se situations." Adv.Comm.Notes to the 1983 amendment to Fed.R.Civ.P. 11.
 
 
 12
 Even liberally construing the Orndoffs' claims, we are convinced that the claims are frivolous. We find no abuse of discretion in the district court's imposition of a $3,000 sanction against the Orndoffs.
 
 
 13
 Defendants request that sanctions be imposed against the Orndoffs for filing a frivolous appeal. We have discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. On appeal, the Orndoffs submitted a rambling 21-page brief containing not a single comprehensible argument. Because the Orndoffs' appeal is frivolous, we impose sanctions against them in the amount of $1,500.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Orndoffs' requests for judicial notice are denied